IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST C. ALDRIDGE, | No. 2:10-cv-03211-MCE-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| _____ / | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's motion (ECF No. 5) to recuse the District Judge assigned to this matter. Plaintiff states:

> COMES NOW Plaintiff Ernest C. Aldridge to demand the recusal of Morrison C. England from this quiet title action pursuant to 28 USC § 455 for the reason he has displayed his partiality against this Plaintiff in the civil suit that gave rise to this quiet title action, 2:05-CV-02176. Any decision made by this judge would not satisfy even the appearance of justice.

Plaintiff, however, does not set forth any alleged instances of bias or partiality.

/ / /

/ / /

1

It appears that the basis of plaintiff's recusal motion is his belief that adverse ruling rendered by Judge England in the underlying action somehow reflects bias or partiality. A motion for recusal ordinarily may not be based on "prior rulings in the proceeding, or any proceeding, solely because they were adverse." <u>Clemens v. United States District Court for the Central District of California</u>, 428 F.3d 1175, 1178-79 (9th Cir. 2005). When no extrajudicial source is involved, judicial rulings may serve as the basis for disqualification only "in the rarest of circumstances" where they "evidence the degree of favoritism or antagonism" which would "make fair judgment impossible." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). Indeed, an opinion formed following submission of evidence during the course of a bench trial, or other proceeding, does not form the basis for recusal since the "knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings." <u>Id.</u> at 550-51. "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings." <u>Id.</u> at 551. Thus, the basis for plaintiff's motion – an unfavorable decision rendered in a prior proceeding – is an insufficient basis for recusal.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal (ECF No. 5) is denied.

DATED: February 4, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

///
///
///
///
///

1  I am the United States District Judge currently assigned to this case and I concur
2  with the foregoing Order of the Magistrate Judge.

    IT IS SO ORDERED.

 Dated: February 4, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE