IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST C. ALDRIDGE, | No. CIV S-10-3211-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| _____ / | |

Plaintiff, as trustee of the Ranch Holding Trust, brings this action to quiet title to property located at 3041 Lawrence Road in Redding, California ("Redding property") and 22510 Heartwood Lane in Palo Cedro, California ("Palo Cedro Property"). This action is the latest in a string of cases filed by Aldridge and others and relates to a prior action filed by the United States to foreclose on tax liens. See United States v. Carey, et al., CIV-S-05-2176-MCE-CMK. Pending before the court are: (1) defendant's motion to strike or, in the alternative, to dismiss (Doc. 6); and (2) defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (Doc. 7).

/ / /

/ / /

## I. DISCUSSION

### A. Motion to Strike/Dismiss

Defendant argues that, because plaintiff is not an attorney, he cannot proceed as the trustee of the Ranch Holding Trust, which can only be represented by an attorney. Defendant concludes that the complaint should be stricken and the action dismissed with prejudice. Alternatively, defendant argues that the complaint should be dismissed with prejudice because the action is barred by the doctrine of res judicata. In opposition, plaintiff raises the following arguments: (1) the Magistrate Judge lacks authority under 28 U.S.C. § 636(c) to rule on a dispositive motion; and (2) defendant's counsel is not qualified to represent the government or appear in this action.

Defendant is correct that the complaint should be stricken. Plaintiff purports to proceed under Federal Rule of Civil Procedure 17(a)(1)(E), which permits a trustee of an express trust to sue in their own name without joining beneficiaries. This rule, however, does not permit a non-attorney to represent a trust. In C.E. Pope Equity Trust v. United States, the Ninth Circuit affirmed an order striking a pro se complaint, holding that "[a]lthough a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." 818 F.2d 696, 697 (9th Cir. 1987). The court ruled that a non-attorney proceeding pro se has no authority to appear as an attorney for anyone other than himself. See id. The court also held that Rule 17(a) "does not warrant the conclusion that a non-lawyer can maintain [a suit on behalf of a trust] in propria persona. . . ." Id. at 698. Based on this authority, Aldridge's complaint should be stricken and the action should be dismissed with prejudice.

Defendant alternatively seeks an order dismissing the action under the doctrine of res judicata. As defendant correctly notes, this court has adjudicated the claims of the Ranch Holding Trust in two prior actions. In each case, the court concluded that the true and beneficial owners of the Redding property and Palo Cedro property are Michael and Leone Carey, not the Ranch Holding Trust. In United States v. Carey, et al., CIV-S-05-2176-MCE-CMK ("foreclosure

action"), the court determined that the Ranch Holding Trust had no interest in these properties. In Carey v. United States, CIV-S-08-2504-MCE-CMK ("quiet title action"), the court rejected the claims of the beneficiaries of the Ranch Holding Trust that they held any ownership in the subject properties.

Res judicata applies to bar a suit where: (1) there is an identity of claims; (2) the claim has been adjudicated on the merits; and (3) there is an identity or privity between the parties. See ProShipLine, Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010). All of these elements are met here. There is identity of claims. In the foreclosure action the United States claimed that the Careys, not the Ranch Holding Trust, were the true and beneficial owners of the subject properties. In this action, Aldridge claims that the Ranch Holding Trust, not the Careys, is the true and beneficial owner of the properties. These claims of competing ownership have been resolved on the merits in the foreclosure action, where the court held that the Ranch Holding Trust was a sham entity formed in an attempt to shield the subject properties from foreclosure. The court specifically held in the foreclosure action that the Ranch Holding trust has no interest in the properties. Judgment against the Ranch Holding Trust in the foreclosure action was entered by default, which constitutes a decision on the merits. See Morris v. Jones, 329 U.S. 545, 550-51 (1947). Finally, there is an identity of parties in that Aldridge claims in this case to represent the Ranch Holding Trust as its trustee and the predecessor trustees were served in the foreclosure action and failed to appear. In other words, the Ranch Holding Trust, either through its current trustee or former trustees, was a party to the foreclosure action and is a party to this action.

Because plaintiff's complaint in this case is based on his assertion that the Ranch Holding Trust is the true and beneficial owner of the Redding property and Palo Cedro property, and because that issue was resolved in the foreclosure action, this action is barred and should be dismissed with prejudice.

///

B. **Motion for Sanctions**

Defendant seeks an order imposing sanctions pursuant to Federal Rule of Civil Procedure 11. Specifically, defendant seek imposition of a pre-filing review order upon declaration that plaintiff is a vexatious litigant, and/or an award of monetary sanctions.

The requirements of a valid pre-filing review order are outlined in De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990). They are: (1) the litigant must be provided notice and an opportunity to be heard; (2) the district court must set forth an adequate record for review by listing all the cases and motions that show that the litigant's activities are numerous or abusive; (3) the court must make "substantive findings" as to the frivolousness or harassing nature of the litigant's actions, shown by the number and content of the filings; and (4) the order must be narrowly tailored to closely fit the specific vice encountered.

The request for issuance of a pre-filing review order should be denied at this time because plaintiff's filings relating to the foreclosure on the properties identified herein are not sufficiently numerous to justify such an order. In particular, plaintiff has filed two prior actions relating to the foreclosure. Plaintiff should be cautioned, however, that further filings relating to the foreclosure will be scrutinized and the court may, on its own motion, re-visit the vexatious litigant question.

As to defendant's request for monetary sanctions, an award of monetary sanctions against a pro se litigant would seem futile given plaintiff's likely inability to pay. This request should be denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II.  CONCLUSION

Defendant's motion to strike should be granted and the complaint should be dismissed with prejudice.  As a separate and sufficient basis for dismissal with prejudice, the action is barred under the doctrine of res judicata.  Sanctions should not be imposed at this time.

Based on the foregoing, the undersigned recommends that:

    1.    Defendant's motion to dismiss (Doc. 6) be granted;

    2.    This action be dismissed with prejudice; and

    3.    Defendant's motion for sanctions (Doc. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 22, 2011

                                            /s/ Craig M. Kellison
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE